

# NUMBER 13-20-00452-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MELVIN WALKER,                                             **Appellant,**

**v.**

ROBERT HUMPHREY,                                       **Appellee.**

### On appeal from the County Court at Law
### of Walker County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva

Appellant Melvin Walker, proceeding pro se, filed a notice of appeal from a final judgment signed on October 2, 2020, and a writ of possession issued on October 9, 2020, in trial court cause number 13578CV in the County Court at Law of Walker County,

Texas.[1] The clerk's record for the appeal was filed on January 12, 2021. On January 12, 2021, after appellant failed to obtain a reporter's record, the Clerk of this Court notified appellant that his appeal would be submitted on the clerk's record, and his brief was due to be filed on or before February 11, 2021. Appellant did not timely file a brief or otherwise respond to the Clerk's notice.

On March 3, 2021, the Clerk of this Court notified appellant that his brief had not been timely filed. The Clerk advised appellant that the appeal would be dismissed for want of prosecution unless, within ten days from the date of this letter, appellant reasonably explained the failure and the appellee was not significantly injured by the appellant's failure to timely file a brief. *See* TEX. R. APP. P. 38.8(a). Appellant did not respond to the Clerk's notice or file a brief in this matter.

Appellate courts possess the authority to dismiss an appeal for want of prosecution when an appellant in a civil case fails to timely file the appellant's brief and gives no reasonable explanation for the failure. *See id*. R. 38.8(a)(1); *id.* R. 42.3(b); *Am. Bail Bonds v. City of El Paso*, 225 S.W.3d 612, 612 (Tex. App.—El Paso 2006, no pet.); *Newman v. Clark*, 113 S.W.3d 622, 623 (Tex. App.—Dallas 2003, no pet.) (per curiam). Similarly, courts may dismiss an appeal for want of prosecution generally or because the appellant has failed to comply with a requirement of the appellate rules, a court order, or a notice from the appellate court clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3 (b), (c).

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

The Court, having examined and fully considered the documents on file and appellant's failure to file a brief, is of the opinion that this appeal should be dismissed. Accordingly, we dismiss the appeal for want of prosecution. *See id.* R. 38.8(a), 42.3(b), (c).

CLARISSA SILVA
Justice

Delivered and filed on the
3rd day of June, 2021.